UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -




SUSAN R. CASTINE; CLINTON COUNTY
DEMOCRATIC PARTY; & MARTIN MANNIX,
as Chairman of the Clinton County
Democratic Party,

                Plaintiffs,

        v.                              No. 8:10-CV-879

MICHAEL E. ZURLO, in his individual and
official capacity & CLINTON COUNTY,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                            OF COUNSEL:

LAW OFFICE OF THOMAS MARCELLE     THOMAS MARCELLE, ESQ.
Attorneys for Plaintiffs
2 E-Comm Square, 3rd Floor
Albany, New York 12207

TOWNE, RYAN & PARTNERS, P.C.       CLAUDIA A. RYAN, ESQ.
Attorneys for Defendants                 JOHN F. MOORE, ESQ.
450 New Karner Road
P.O. Box 15072
Albany, New York 12205

DAVID N. HURD
United States District Judge

## DECISION & ORDER

      On October 15, 2010, plaintiffs Susan R. Castine, Clinton County Democratic Party, and Martin Mannix ("plaintiffs") brought an Order to Show Cause and Temporary Restraining Order ("TRO") to enjoin defendants Clinton County Administrator Michael E. Zurlo and Clinton County ("defendants") from enforcing Clinton County Local Law No. 1 of the Year

2000 ("Local Law No. 1") and preventing plaintiff Castine from volunteering at the Clinton County Board of Elections.[1]

Plaintiffs previously moved by Order to Show Cause for a TRO and preliminary injunction pursuant to Federal Rule of Civil Procedure 65 to enjoin defendants from enforcing Local Law No. 1. A TRO was issued on July 20, 2010, and extended until August 12, 2010. On August 11, 2010, an Order was issued denying plaintiff Castine's motion for a preliminary injunction and granting plaintiffs Clinton County Democratic Party's and Mannix's motion for a preliminary injunction. See Memorandum-Decision & Order, Dkt. No. 12. As a result of granting the preliminary injunction with regard to Clinton County Democratic Party and Mannix, defendants were preliminarily enjoined from the enforcement of Local Law No. 1 and "[a]ll action or threat of action that prevents or inhibits plaintiff Susan R. Castine from performing her duties as the Election Commissioner of the Clinton County Board of Elections." Id.

Defendants appealed the August 11, 2010, Order to the extent that it granted plaintiffs Clinton County Democratic Party's and Mannix's motion for a preliminary injunction. Plaintiff Castine cross-appealed the Order denying her motion for a preliminary injunction. On September 13, 2010, the Second Circuit issued a Mandate vacating the preliminary injunction with respect to defendants.[2] The Second Circuit explained:

> The service of the Deputy Commissioner (chosen by the Democratic Election Commissioner-herself chosen by the Clinton County

---

[1] Currently, there are several other motions pending before the court including a motion by plaintiffs for partial summary judgment and a cross-motion by defendants. Also pending is plaintiffs' motion for reconsideration of this court's denial of an Order to Show Cause for an expedited motion for summary judgment.

[2] The Mandate remanded the matter to this court for further proceedings.

- 2 -

> Democratic Party in accordance with state law) in lieu of the Commissioner on the Clinton County Board of Elections ensures that there is no irreparable harm to the Clinton County Democratic Party.

Second Circuit Mandate, Dkt. No. 10.

The parties dispute whether Castine was terminated from her position as Clinton County Democratic Election Commissioner or whether she stepped down from the position. The distinction is irrelevant for purposes of this discussion. What is significant is that Castine is no longer the Democratic Election Commissioner. In Castine's absence, Deputy Election Commissioner Randa Buompensiero-Filion assumed the role of Election Commissioner. It appears that the position of Deputy Election Commissioner has not been officially filled but a temporary employee was hired to assist Buompensiero-Filion. See Buompensiero-Filion Decl. ¶ 13, Dkt. No. 26-2.

On October 12, 2010, Buompensiero-Filion contacted Zurlo by e-mail to request that Castine be allowed to volunteer in the office and at the warehouse testing of ballots on the new voting machines prior to the November 2, 2010, election. Id. ¶ 7. She explained that she needed knowledgeable help in performing the duties of Election Commissioner, and that Castine could provide that help. Id. Zurlo notified Buompensiero-Filion that her request would be considered. On October 14, 2010, Zurlo notified her by e-mail that her request to allow Castine to volunteer was discussed, and that the request was not approved.

Plaintiffs now seek a TRO not only enjoining the enforcement of Local Law No. 1 but also ordering defendants to cease and desist from preventing Castine from volunteering at the Board of Elections. Plaintiffs urge that defendants made misrepresentations which caused this court to find that plaintiff Castine was not entitled to a preliminary injunction because she would not suffer irreparable harm. They claim that such misrepresentations

also resulted in the Second Circuit's conclusion that there is no irreparable harm to plaintiffs Clinton County Democratic Party and Mannix.  Plaintiffs specifically allege "[d]efendants convinced the Second Circuit there was no irreparable harm suffered by plaintiffs *because* plaintiff Castine could use her experience and knowledge to volunteer at the Board of Elections."  Marcelle Affirm. ¶ 3, Dkt. No. 26-1.  Plaintiffs further claim that:

> Since an inexperience [sic] person would be unable to timely perform the required tasks of the Board, defendants realized that this argument had to be nipped in the bud.  So defendants represented to this Court and to the Second Circuit (based on the sworn affidavit of defendant Zurlo) that Sue Castine would be allowed to volunteer at the Board.

Id. ¶ 4.

To support this claim, plaintiffs point to portions of defendants' memorandum of law in opposition to plaintiffs' initial request for a TRO and defendants' brief to the Second Circuit on appeal.  Id. ¶ 5-6.  The passages plaintiffs cite are nearly identical and provide:

> Plaintiffs' other allegations of irreparable harm are similarly meritless.  For example, in ¶35 of her July 20, 2010 declaration, Castine alleges that Zurlo reportedly informed her that she would "not even be allowed to volunteer for the Democratic Party at the Board of Elections." (Castine 7/20/10 declaration, ¶35).  However, as indicated in the accompanying Zurlo affidavit, this is not so. (Zurlo affidavit, ¶11).

Defs.' Memo. of Law, at 6, Dkt. No. 10.  Defendants' brief on appeal contains the same passage except for the substitution of "Appellees'" in place of "Plaintiffs'."  Defs.' Brief, at 36, Second Circuit Case No. 10-3374, Dkt. No. 54.

Plaintiffs contend defendants misrepresented that Castine would be allowed to volunteer and thus "[d]efendants deceived intentionally this Court and the Second Circuit." Marcelle Affirm. ¶ 7, 12.  They further conclude that "the Second Circuit reversed on the

finding of a lack of irreparable harm." Id. ¶ 8. Plaintiffs therefore reason that a TRO should be issued because defendants now refuse to let Castine volunteer at the Board.

While Attorney Marcelle's Affirmation conveniently omits defendants' direct citations to the particular paragraphs in Castine and Zurlo's affidavits referenced in defendants' papers, a close reading of the statements reveal that defendants did not make such misrepresentations. Castine's affidavit in support of plaintiffs' initial Order to Show Cause alleged that "Zurlo informed me that I would not even be allowed to volunteer for the Democratic Party at the Board of Elections." Castine Aff. ¶ 35, Dkt. 2-3. In response to plaintiffs' Order to Show Cause, Zurlo submitted an affidavit stating:

> Further, contrary to plaintiff Castine's declaration dated July 20, 2010 at ¶ 34, I never personally informed her that she would not even be allowed to volunteer for the Democratic Party at the Board of Elections, nor am I aware of any law, local or otherwise, that disallows plaintiff from doing so.

Zurlo Aff. ¶ 11, Dkt. 10-3.

Unlike Attorney Marcelle claims, Zurlo never stated that Castine would be allowed to volunteer at the Clinton County Board of Elections. In response to Castine's allegation that Zurlo informed her she could not volunteer, Zurlo's affidavit merely denies that he ever made such a statement. In light of Zurlo's recent refusal to let Castine volunteer, plaintiffs may wish that he earlier promised Castine permission to do so. However, Zurlo never made such a promise.

It is also unclear why, in light of Zurlo's statement that he was not aware of any law that would prohibit Castine from volunteering, Buompensiero-Filion requested permission from Zurlo. Nor has either party indicated upon what authority Zurlo denied her request to let Castine volunteer. Regardless, Zurlo's statement that he is not "aware of any law, local or

- 5 -

otherwise, that disallows plaintiff from doing so" is different than a statement by Zurlo indicating that Castine was permitted to volunteer, as plaintiffs claim.

It should also be noted that while it is difficult to ascertain from the Mandate the Second Circuit's complete analysis and reasons for vacating the preliminary injunction, the Mandate indicates that there is no irreparable harm to plaintiffs Clinton County Democratic Party and Mannix because of the service of the Deputy Commissioner in place of the Commissioner. This is in contrast to plaintiffs' assertion that the Second Circuit found no irreparable harm because "plaintiff Castine could use her experience and knowledge to volunteer at the Board of Elections." Marcelle Affirm. ¶ 3.

Therefore, it is

ORDERED that

1. Plaintiffs Susan R. Castine's, Clinton County Democratic Party's, and Martin Mannix's Order to Show Cause is DENIED; and

2. Plaintiffs Susan R. Castine's, Clinton County Democratic Party's, and Martin Mannix's request for a temporary restraining order is DENIED.

IT IS SO ORDERED.

United States District Judge

Dated: October 18, 2010
Utica, New York